# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| WATSON PLAZA, L.L.C., a Missouri limited liability company, | ) ) ) |
| Plaintiff, | ) Cause No.: ) ) Div. No.: |
| v. | ) ) |
| OLLIE'S BARGAIN OUTLET, INC., a Pennsylvania corporation, | ) ) ) |
| Serve: **Hold for Service**, | ) ) |
| Defendant. | ) |

## PETITION FOR BREACH OF LEASE

Plaintiff Watson Plaza, L.L.C. ("Landlord" or "Plaintiff") for its Petition against Defendant Ollie's Bargain Outlet, Inc. ("Tenant" or "Defendant") states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is WATSON PLAZA, L.L.C., a Missouri limited liability company.

2. Defendant is OLLIE'S BARGAIN OUTLET, INC., a Pennsylvania corporation.

3. This Court has subject matter jurisdiction over this matter, as the circuit courts of Missouri are courts of general subject matter jurisdiction.

4. This Court has personal jurisdiction over Defendant pursuant to Missouri's long-arm statute and by virtue of the venue selection clause of the Lease.

5. This Court is the proper venue for this action pursuant to the venue selection clause of the Lease.

1

**FACTUAL ALLEGATIONS**

6. The parties entered into a written Lease effective June 2, 2023, for a retail premises at Watson Plaza, with Landlord identified as "WATSON PLAZA, L.L.C." and Tenant identified as "OLLIE'S BARGAIN OUTLET, INC."

7. A true and accurate copy of the Lease is attached hereto as **Exhibit A** and is specifically incorporated herein by reference.

8. Under the Lease, commencing on the Rent Commencement Date, Tenant must pay monthly Base Rent and other Rent components in advance without offset, setoff, abatement, demand, reduction, or deduction unless expressly permitted by the Lease.

9. The Rent Commencement Date is defined as the date that is 270 days after the Lease Commencement Date, and the first payment is due on the first day of the calendar month after the Rent Commencement Date.

10. For Lease Years 1–10, Monthly Base Rent is $16,110.46 (Annual Base Rent $193,325.46) subject to any adjustments provided in the Lease.

11. Additional Rent components are payable monthly with Base Rent, including Taxes, Insurance Costs, and CAM amounts as specified in the Lease.

12. The Lease provides late charges and Default Rate interest on unpaid Rent following written notice and applicable cure periods as specified.

13. The Lease includes a Tenant Improvement Allowance of $700,000.00 payable by Landlord to Tenant for Tenant's initial buildout as described on Exhibit B-1, subject to stated conditions precedent and documentation, with payment due within 30 days after satisfaction of all conditions.

14. The Lease permits Tenant to set off the Tenant Improvement Allowance against Base Rent only if Landlord fails to pay the allowance when due under the Lease.

15. Tenant's Work must comply with applicable laws and building codes, including ADA requirements applicable to Tenant's Work.

16. Tenant's Work failed to comply with the ADA and other relevant laws and building codes, including, without limitation:

   a. The perimeter concrete dock guardrail is not code compliant and must be replaced to meet a 42-inch height and spacing that does not allow a 4-inch sphere, with anchorage designed by a structural engineer.

   b. Power poles at the checkout area do not appear to be anchored in compliance with local seismic bracing requirements.

   c. ADA deficiencies in the men's restroom, including a non-ADA urinal, improperly located toilet tissue dispenser, insufficient blocking for partition brackets, exposed hot/cold water lines, and a malfunctioning door closer.

   d. ADA deficiencies in the women's restroom, including improperly located toilet tissue dispensers, insufficient blocking for partition brackets, and exposed hot/cold water lines.

   e. ADA issues in the break room, including noncompliant work counter installation/height and required knee space apron or pipe protection.

   f. Fire sprinkler modifications lacking permitted sprinkler drawings, at least one head missing an escutcheon, and exterior canopy heads requiring verification of freeze-proof equipment and proper sealing of penetrations.

    g.    Lack of structural engineering records for new exterior wall openings (service and coiling doors), dock leveler anchorage design and repair of spalling, and to extend certain studs to the roof deck for framing continuity.

17.    The Lease requires Tenant's Work to be in compliance with applicable laws, including ADA, and assigns responsibility to Tenant for such compliance with respect to Tenant's Work.

18.    Despite the Lease's no-offset clause and the limited, express setoff rights, Tenant has withheld payment of Rent as a self-help remedy purportedly due to disputes over the Tenant Improvement Allowance and alleged code-compliance issues arising from Tenant's Work.

19.    Specifically, Tenant failed to pay $15,649.29 for each of the months of October, November, and December, 2025.

20.    On December 4, 2025, Plaintiff provided Tenant with a written notice of default and provided Tenant with seven (7) days in which to cure its default.

21.    Despite notice, Tenant has failed to cure its default.

22.    Due to Tenant's actions, Plaintiff currently owns a building with fails to comply with the requirements of the ADA, local codes requirements, and other laws applicable to the building.

### COUNT I – BREACH OF LEASE (NONPAYMENT OF RENT)

23.    Plaintiff incorporates paragraphs 1–22.

24.    Tenant is obligated to pay monthly Base Rent and other Rent in advance from the Rent Commencement Date, without offset or setoff except as expressly provided in the Lease.

25. Tenant has withheld Rent as a purported self-help remedy related to disagreements concerning the Tenant Improvement Allowance and alleged code-compliance issues, notwithstanding the Lease's restrictions and the limited circumstances permitting setoff.

26. Tenant's withholding is not authorized by the Lease because any setoff relating to the Tenant Improvement Allowance is permitted only if Landlord fails to pay the allowance when due under the Lease's stated conditions; otherwise, Rent must be paid without offset.

27. Tenant's Work is required to comply with applicable laws and codes, including ADA.

28. Tenant's Work fails to comply with applicable laws and codes, including the ADA.

29. Tenant's nonpayment constitutes a Monetary Default after notice and expiration of applicable cure periods under the Lease.

30. As a result of Tenant's breach, Plaintiff has been damaged and is entitled to recover unpaid Rent, late charges, and interest at the Default Rate as provided in the Lease.

31. Plaintiff is further entitled to the remedies of specific performance to force Tenant to repair the Premises to comply with applicable law and codes, including ADA, as well as attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. For all unpaid Rent (including Base Rent and all other amounts constituting "Rent" under the Lease) coming due through the date of judgment;

B. For late charges at four percent (4%) and interest at the Default Rate as provided in the Lease;

C. For specific performance of Tenant's Rent payment obligations under the Lease;

D. For specific performance of Tenant's obligations under the Lease to conform its work to applicable laws, regulations, and codes;

E. For Plaintiff's reasonable attorneys' fees and costs to the extent recoverable under the Lease;

F. For such other and further relief as is available under the Lease and law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C**

By: */s/ Zachary R. McMichael*
Zachary R. McMichael #68251
8182 Maryland Ave., Fifteenth Floor
Clayton, MO 63105
Telephone: (314) 505 5464
Facsimile: (314) 505 5465
**mcmichael@capessokol.com**

*Attorneys for Plaintiff Watson Plaza, LLC*