## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WATSON PLAZA, LLC, a Missouri limited liability company, ) ) ) | |
| Plaintiff, ) ) ) | Case No. 4:26-cv-00175 |
| v. ) ) | |
| OLLIE'S BARGAIN OUTLET, INC., a Pennsylvania corporation, ) ) ) | |
| Defendant. ) | |

### AMENDED NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-named Defendant ("Defendant" or "Tenant"), hereby removes this matter to the United States District Court for the Eastern District of Missouri. The underlying state court action was filed in the Circuit Court for St. Louis County, Missouri, and styled *Watson Plaza, LLC v. Ollie's Bargain Outlet, Inc*. In support of its Amended Notice of Removal, Tenant states as follows:

**I.   State Court Action**

1. On January 5, 2026, Plaintiff Watson Plaza, LLC ("Plaintiff" or "Landlord") initiated this action in the Circuit Court of St. Louis County, Missouri, by filing a Petition styled as *Watson Plaza, LLC v. Ollie's Bargain Outlet, Inc.*, Case No. 26SL-CC00091 (the "State Court Action"). *See* **Ex. A** (Petition).

2. Plaintiff's Petition in the State Court Action asserts one Count for "Breach of Lease (Nonpayment of Rent)." *See id.*

1

3.     This is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

**II.    Removal is Timely**

4.     Removal is timely if it is filed within thirty days after a defendant receives a copy of an initial pleading "through service or otherwise." 28 U.S.C. §§ 1441 and 1446.

5.     Defendant voluntarily accepted service of the Petition on January 5, 2026.

6.     Accordingly, this Removal Notice is timely as it is filed within thirty days of the date on which Defendant received service.

**III.   Venue**

7.     Per Local Rule 2.07(A)(1), St. Louis County, Missouri falls within the Eastern Division of the Eastern District of Missouri federal court. *See* L.R. 2.07(A)(1).

8.     This Court's jurisdiction was additionally contemplated by the venue selection clause (Paragraph 25.3) of the Lease Agreement at issue in this dispute.

9.     Thus, venue in this Court is proper in that all or a substantial portion of the alleged events or omissions giving rise to Plaintiffs' claims occurred in St. Louis County, Missouri. *See* 28 U.S.C. §1391(b)(2).

**IV.   Diversity Jurisdiction Exists**

   A.  *Citizenship of the Parties*

10.    Diversity jurisdiction requires complete diversity of citizenship between the parties, which means no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1). *See also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

11.    Upon information and belief, Plaintiff's LLC members are citizens of the State of

2

Missouri and/or the State of Illinois.

12. According to Plaintiff's Petition, Plaintiff is a Missouri limited liability company. *See* **Ex. A** (Petition), ¶ 1.

13. Plaintiff has not disclosed its LLC members or their citizenship in any publicly available filing identified to date (*e.g.*, Beneficial Ownership Information Report, Articles of Organization, other Missouri Secretary of State filings).

14. In an attempt to resolve this issue, undersigned defense counsel contacted Plaintiff's counsel by telephone and email to request that Plaintiff voluntarily disclose its LLC member citizenship information; Plaintiff indicated it is unwilling to disclose the information without conducting discovery on the topic.

15. Thus, Defendant is unable to confirm Plaintiff's precise LLC member citizenship with certainty until it is allowed an opportunity to conduct discovery on this topic.

16. However, upon information and belief, no member of Plaintiff's LLC is a citizen of the State of Pennsylvania. *See also* Defendant's Resp. to Show Cause Order, pp. 2-3.

17. Defendant is a Pennsylvania corporation with its principal place of business located in Dauphin County, Pennsylvania; pursuant to 28 U.S.C. § 1332, it is, therefore, a citizen of Pennsylvania.

18. As Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship between the parties.

B. *Amount in Controversy Exceeds $75,000*

19. In addition to complete diversity of citizenship between the parties, diversity jurisdiction also requires that the alleged amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). *See also Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Schubert v. Auto*

*Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011).

20. Among other damages, Landlord demands specific performance of certain terms of the parties' Lease Agreement, including payment of Base Rent that Tenant is obligated to pay under the Lease.

21. The Base Rent is $16,110.46 per month for a Lease term of ten years: at this rate, the Base Rent would exceed $75,000 in just five months.

22. In addition, Tenant's Counterclaim demands specific performance from Landlord according to the Lease terms—specifically, Tenant demands Landlord pay a Tenant Improvement Allowance ("TIA") to which Tenant is entitled under the Lease Agreement.

23. The TIA amount to which Tenant is entitled is $700,000, which far exceeds the $75,000 amount-in-controversy requirement.

24. Accordingly, the amount-in-controversy in this case exceeds $75,000 and the final requirement of diversity jurisdiction is met.

C. *Removal is Proper*

25. Removal is proper in that: (i) this action is a civil action pending within the jurisdiction of the Circuit Court of St. Louis County, Missouri; (ii) this action could have been brought in this jurisdiction and venue; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

**V.     Filing of Removal Papers & Designation of Place of Trial**

26. A true and correct copy of the court file from the State Court Action is attached hereto as **Exhibit B**.

27. Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Circuit

4

Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

28. Defendant hereby designates St. Louis, Missouri, as the place for trial in this matter.

29. If any questions arise as to the propriety of the removal of this action, Tenant requests the opportunity to brief any disputed issues and to present oral argument in support of removal.

30. Pursuant to Local Rules, the Civil Cover Sheet and Original Filing Form were attached with Defendant's initial Notice of Removal.

WHEREFORE, Defendant Ollie's Bargain Outlet, Inc., hereby removes the above-captioned action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted,

CHARTWELL LAW, LLP

*/s/ Lawrence S. Hall*
Lawrence S. Hall, Mo. Bar 63852
Whitney L. Fay, Mo. Bar 68061
500 N. Broadway, Suite 1850
St. Louis, MO  63102
Telephone:    (314) 350-2640
Facsimile:    (610) 666-7704
lshall@chartwelllaw.com
wfay@chartwelllaw.com
eservicestlouis@chartwelllaw.com
ATTORNEYS FOR DEFENDANT OLLIE'S BARGAIN OUTLET, INC.

## Certificate of Service

  I hereby certify that on February 16, 2026, the foregoing was electronically filed using the Court's CM/ECF system, which thereby sent notice of same to all attorneys of record.

                */s/ Katie N. Knipp*