## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | |
|---|---|
| WATSON PLAZA, L.L.C., a Missouri limited liability company | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| v. | )    Case No.  26SL-CC00091 |
| | ) |
| OLLIE'S BARGAIN OUTLET, INC., a Pennsylvania corporation, | )<br>)<br>) |
| Defendants. | ) |

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO THE JUDGES OF THE CIRCUIT COURT OF ST. LOUIS COUNTY, STATE OF MISSOURI, AND TO ALL PARTIES TO THE ACTION HEREIN:

    PLEASE TAKE NOTICE that on February 4, 2026, Defendant Ollie's Bargain Outlet, Inc., ("Defendant") filed a Notice of Removal of this action with the United States District Court for the Eastern District of Missouri. A true and correct copy of the Notice of Removal filed in the United States District Court for the Eastern District of Missouri is attached hereto.

    The Notice of Removal is filed and served pursuant to 28 U.S.C. § 1446.

                                                         OLLIE'S BARGAIN OUTLET, INC., Defendant

                                              BY: */s/ Lawrence S. Hall*
                                                 THE CHARTWELL LAW OFFICES, LLP
                                                      Lawrence S. Hall, #63852

THE CHARTWELL LAW OFFICES, LLP
500 N. Broadway
Suite 1850
St. Louis, Missouri 63102
Telephone 314.350.2640
PRIMARY E-MAIL: eservicestlouis@chartwelllaw.com
Secondary E-Service: lshall@chartwelllaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been electronically served upon all counsel of record through the Missouri eFiling System on February 4, 2026.

/s/ Katie N. Knipp

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| WATSON PLAZA, L.L.C., a Missouri limited liability company, ) ) ) Plaintiff, ) ) v. ) ) OLLIE'S BARGAIN OUTLET, INC., ) a Pennsylvania corporation, ) ) Defendant. ) | Case No. 4:26-cv-00175 |

## NOTICE OF REMOVAL

TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-named Defendant ("Defendant" or "Tenant"), hereby removes this matter to the United States District Court for the Eastern District of Missouri. The underlying state court action was filed in the Circuit Court for St. Louis County, Missouri, and styled *Watson Plaza, LLC v. Ollie's Bargain Outlet, Inc.* In support of its Notice of Removal, Tenant states as follows:

### I.  State Court Action

1. On January 5, 2026, Plaintiff Watson Plaza, LLC ("Plaintiff" or "Landlord") initiated this action in the Circuit Court of St. Louis County, Missouri, by filing a Petition styled as *Watson Plaza, LLC v. Ollie's Bargain Outlet, Inc.*, Case No. 26SL-CC00091 (the "State Court Action"). See **Ex. A** (Petition).

2. Plaintiff's Petition in the State Court Action asserts one Count for "Breach of Lease (Nonpayment of Rent)." *See id.*

1

3. This is a civil action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332. As such, Defendant may remove this action under 28 U.S.C. §§ 1441 and 1446.

## II. Removal is Timely

4. Removal is timely if it is filed within thirty days after a defendant receives a copy of an initial pleading "through service or otherwise." 28 U.S.C. §§ 1441 and 1446.

5. Defendant voluntarily accepted service of the Petition on January 5, 2026.

6. Accordingly, this Removal Notice is timely as it is filed within thirty days of the date on which Defendant received service.

## III. Venue

7. Per Local Rule 2.07(A)(1), St. Louis County, Missouri falls within the Eastern Division of the Eastern District of Missouri federal court. *See* L.R. 2.07(A)(1).

8. This Court's jurisdiction was additionally contemplated by the venue selection clause (Paragraph 25.3) of the Lease Agreement at issue in this dispute.

9. Thus, venue in this Court is proper in that all or a substantial portion of the alleged events or omissions giving rise to Plaintiffs' claims occurred in St. Louis County, Missouri. *See* 28 U.S.C. §1391(b)(2).

## IV. Diversity Jurisdiction Exists

### A. *Citizenship of the Parties*

10. Diversity jurisdiction requires complete diversity of citizenship between the parties, which means no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. §1332(a)(1). *See also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010).

11. Plaintiff is a Missouri limited liability company and, pursuant to 28 U.S.C. §

1332, it is therefore a citizen of Missouri. *See* **Ex. A** (Petition), ¶ 1.

12. Defendant is a Pennsylvania corporation and, pursuant to 28 U.S.C. § 1332, it is therefore a citizen of Pennsylvania.

13. As Plaintiff and Defendant are citizens of different states, there is complete diversity of citizenship between the parties.

B. *Amount in Controversy Exceeds $75,000*

14. In addition to complete diversity of citizenship between the parties, diversity jurisdiction also requires that the alleged amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). *See also Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011).

15. Among other damages, Landlord demands specific performance of certain terms of the parties' Lease Agreement, including payment of Base Rent that Tenant is obligated to pay under the Lease.

16. The Base Rent is $16,110.46 per month for a Lease term of ten years: at this rate, the Base Rent would exceed $75,000 in just five months.

17. In addition, Tenant's Counterclaim demands specific performance from Landlord according to the Lease terms—specifically, Tenant demands Landlord pay a Tenant Improvement Allowance ("TIA") to which Tenant is entitled under the Lease Agreement.

18. The TIA amount to which Tenant is entitled is $700,000, which far exceeds the $75,000 amount-in-controversy requirement.

19. Accordingly, the amount-in-controversy in this case exceeds $75,000 and the final requirement of diversity jurisdiction is met.

3

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

C. *Removal is Proper*

20.     Removal is proper in that: (i) this action is a civil action pending within the jurisdiction of the Circuit Court of St. Louis County, Missouri; (ii) this action could have been brought in this jurisdiction and venue; and (iii) the parties are completely diverse. 28 U.S.C. §§ 1441 and 1446.

V.     **Filing of Removal Papers & Designation of Place of Trial**

21.     A true and correct copy of the court file from the State Court Action is attached hereto as **Exhibit B**.

22.     Promptly upon filing this Notice of Removal, Defendant will give notice in writing to all parties and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

23.     Defendant hereby designates St. Louis, Missouri, as the place for trial in this matter.

24.     If any questions arise as to the propriety of the removal of this action, Tenant requests the opportunity to brief any disputed issues and to present oral argument in support of removal.

25.     Pursuant to Local Rules, the Civil Cover Sheet and Original Filing Form are attached to this Notice of Removal.

WHEREFORE, Defendant Ollie's Bargain Outlet, Inc., hereby removes the above-captioned action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division, and for such other and further relief as the Court deems just and proper under the circumstances.

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

OLLIE'S BARGAIN OUTLET, INC., Defendant

BY: */s/ Lawrence S. Hall*
THE CHARTWELL LAW OFFICES, LLP
Lawrence S. Hall, #63852

THE CHARTWELL LAW OFFICES, LLP
500 N. Broadway
Suite 1850
St. Louis, Missouri 63102
Telephone 314.350.2640
PRIMARY E-MAIL: eservicestlouis@chartwelllaw.com
Secondary E-Service: lshall@chartwelllaw.com

## CERTIFICATE OF FILING AND PROOF OF SERVICE

The undersigned hereby certifies that on February 4, 2026, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Zachary R. McMichael
Capes, Sokol, Goodman & Sarachan, P.C.
8182 Maryland Ave., Fifteenth Floor
Clayton, MO 63105
mcmichael@capessokol.com

*Attorneys for Plaintiff*

*/s/ Katie N. Knipp*

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

Exhibit A

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| WATSON PLAZA, L.L.C., a Missouri limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Cause No.: |
| v. | ) ) | Div. No.: |
| OLLIE'S BARGAIN OUTLET, INC., a Pennsylvania corporation, | ) ) ) ) | |
| Serve: **Hold for Service**, | ) ) | |
| Defendant. | ) | |

## PETITION FOR BREACH OF LEASE

Plaintiff Watson Plaza, L.L.C. ("Landlord" or "Plaintiff") for its Petition against Defendant Ollie's Bargain Outlet, Inc. ("Tenant" or "Defendant") states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is WATSON PLAZA, L.L.C., a Missouri limited liability company.

2. Defendant is OLLIE'S BARGAIN OUTLET, INC., a Pennsylvania corporation.

3. This Court has subject matter jurisdiction over this matter, as the circuit courts of Missouri are courts of general subject matter jurisdiction.

4. This Court has personal jurisdiction over Defendant pursuant to Missouri's long-arm statute and by virtue of the venue selection clause of the Lease.

5. This Court is the proper venue for this action pursuant to the venue selection clause of the Lease.

1

## FACTUAL ALLEGATIONS

6. The parties entered into a written Lease effective June 2, 2023, for a retail premises at Watson Plaza, with Landlord identified as "WATSON PLAZA, L.L.C." and Tenant identified as "OLLIE'S BARGAIN OUTLET, INC."

7. A true and accurate copy of the Lease is attached hereto as **Exhibit A** and is specifically incorporated herein by reference.

8. Under the Lease, commencing on the Rent Commencement Date, Tenant must pay monthly Base Rent and other Rent components in advance without offset, setoff, abatement, demand, reduction, or deduction unless expressly permitted by the Lease.

9. The Rent Commencement Date is defined as the date that is 270 days after the Lease Commencement Date, and the first payment is due on the first day of the calendar month after the Rent Commencement Date.

10. For Lease Years 1–10, Monthly Base Rent is $16,110.46 (Annual Base Rent $193,325.46) subject to any adjustments provided in the Lease.

11. Additional Rent components are payable monthly with Base Rent, including Taxes, Insurance Costs, and CAM amounts as specified in the Lease.

12. The Lease provides late charges and Default Rate interest on unpaid Rent following written notice and applicable cure periods as specified.

13. The Lease includes a Tenant Improvement Allowance of $700,000.00 payable by Landlord to Tenant for Tenant's initial buildout as described on Exhibit B-1, subject to stated conditions precedent and documentation, with payment due within 30 days after satisfaction of all conditions.

14. The Lease permits Tenant to set off the Tenant Improvement Allowance against Base Rent only if Landlord fails to pay the allowance when due under the Lease.

15. Tenant's Work must comply with applicable laws and building codes, including ADA requirements applicable to Tenant's Work.

16. Tenant's Work failed to comply with the ADA and other relevant laws and building codes, including, without limitation:

    a. The perimeter concrete dock guardrail is not code compliant and must be replaced to meet a 42-inch height and spacing that does not allow a 4-inch sphere, with anchorage designed by a structural engineer.

    b. Power poles at the checkout area do not appear to be anchored in compliance with local seismic bracing requirements.

    c. ADA deficiencies in the men's restroom, including a non-ADA urinal, improperly located toilet tissue dispenser, insufficient blocking for partition brackets, exposed hot/cold water lines, and a malfunctioning door closer.

    d. ADA deficiencies in the women's restroom, including improperly located toilet tissue dispensers, insufficient blocking for partition brackets, and exposed hot/cold water lines.

    e. ADA issues in the break room, including noncompliant work counter installation/height and required knee space apron or pipe protection.

    f. Fire sprinkler modifications lacking permitted sprinkler drawings, at least one head missing an escutcheon, and exterior canopy heads requiring verification of freeze-proof equipment and proper sealing of penetrations.

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

  g. Lack of structural engineering records for new exterior wall openings (service and coiling doors), dock leveler anchorage design and repair of spalling, and to extend certain studs to the roof deck for framing continuity.

17. The Lease requires Tenant's Work to be in compliance with applicable laws, including ADA, and assigns responsibility to Tenant for such compliance with respect to Tenant's Work.

18. Despite the Lease's no-offset clause and the limited, express setoff rights, Tenant has withheld payment of Rent as a self-help remedy purportedly due to disputes over the Tenant Improvement Allowance and alleged code-compliance issues arising from Tenant's Work.

19. Specifically, Tenant failed to pay $15,649.29 for each of the months of October, November, and December, 2025.

20. On December 4, 2025, Plaintiff provided Tenant with a written notice of default and provided Tenant with seven (7) days in which to cure its default.

21. Despite notice, Tenant has failed to cure its default.

22. Due to Tenant's actions, Plaintiff currently owns a building with fails to comply with the requirements of the ADA, local codes requirements, and other laws applicable to the building.

## COUNT I – BREACH OF LEASE (NONPAYMENT OF RENT)

23. Plaintiff incorporates paragraphs 1–22.

24. Tenant is obligated to pay monthly Base Rent and other Rent in advance from the Rent Commencement Date, without offset or setoff except as expressly provided in the Lease.

4

25. Tenant has withheld Rent as a purported self-help remedy related to disagreements concerning the Tenant Improvement Allowance and alleged code-compliance issues, notwithstanding the Lease's restrictions and the limited circumstances permitting setoff.

26. Tenant's withholding is not authorized by the Lease because any setoff relating to the Tenant Improvement Allowance is permitted only if Landlord fails to pay the allowance when due under the Lease's stated conditions; otherwise, Rent must be paid without offset.

27. Tenant's Work is required to comply with applicable laws and codes, including ADA.

28. Tenant's Work fails to comply with applicable laws and codes, including the ADA.

29. Tenant's nonpayment constitutes a Monetary Default after notice and expiration of applicable cure periods under the Lease.

30. As a result of Tenant's breach, Plaintiff has been damaged and is entitled to recover unpaid Rent, late charges, and interest at the Default Rate as provided in the Lease.

31. Plaintiff is further entitled to the remedies of specific performance to force Tenant to repair the Premises to comply with applicable law and codes, including ADA, as well as attorneys' fees and costs.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. For all unpaid Rent (including Base Rent and all other amounts constituting "Rent" under the Lease) coming due through the date of judgment;

B. For late charges at four percent (4%) and interest at the Default Rate as provided in the Lease;

C. For specific performance of Tenant's Rent payment obligations under the Lease;

D. For specific performance of Tenant's obligations under the Lease to conform its work to applicable laws, regulations, and codes;

E. For Plaintiff's reasonable attorneys' fees and costs to the extent recoverable under the Lease;

F. For such other and further relief as is available under the Lease and law.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**CAPES, SOKOL, GOODMAN & SARACHAN, P.C**

By: */s/ Zachary R. McMichael*
Zachary R. McMichael #68251
8182 Maryland Ave., Fifteenth Floor
Clayton, MO 63105
Telephone: (314) 505 5464
Facsimile: (314) 505 5465
**mcmichael@capessokol.com**

*Attorneys for Plaintiff Watson Plaza, LLC*

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

Exhibit B

| Respond to Selected Documents

**Sort Date Entries:** Descending Ascending

**Display Options:** All Entries

**10/23/2024**
    **Order of Dismissal**
    Comes now Plaintiff Diestelkamp Contracting, LLC, and dismisses its cause of action, with prejudice at Plaintiff?s cost. SO ORDERED: JUDGE HEATHER R. CUNNINGHAM
    **Dismissed by Parties**

**10/16/2024**
    **Notice of Dismissal**
    Cause Dismissed; Electronic Filing Certificate of Service.
        **Filed By:** KEVIN SELTZER

**08/19/2024**
    **Cert Serv of Req for Admission**
    Certificate of Mailing.
        **Filed By:** KEVIN SELTZER
    **Reply**
    Reply to Counterclaim.
        **Filed By:** KEVIN SELTZER

**08/16/2024**
    **Answer Filed**
    Answer, Affirmative Defenses, and Counterclaim; Electronic Filing Certificate of Service.
        **Filed By:** MATTHEW S. MCBRIDE
        **On Behalf Of:** FLOWER VALLEY GROUP, LLC
    **Entry of Appearance Filed**
    Entry of Appearance, Matthew S. McBride; Electronic Filing Certificate of Service.
        **Filed By:** MATTHEW S. MCBRIDE
        **On Behalf Of:** FLOWER VALLEY GROUP, LLC

**07/29/2024**
    **Notice of Service**
    Return of Service.
        **Filed By:** KEVIN SELTZER

**07/24/2024**
    **Corporation Served**
    Document ID - 24-SMOS-1132; Served To - JIM WOOD COMPANY, INC.; Served Date - 07/25/2024; Served Time - 10:50:00; Service Type - SP; Reason Description - SERV; Service Text -SERVD OFFICER IN CHARGE
    **Family Member/Roommate Served**
    Document ID - 24-SMCC-6085; Served To - OLLIE'S BARGAIN OUTLET, INC.; Served Date - 07/17/2024; Served Time - 13:55:00; Service Type - SP; Reason Description - SERV; Service Text -SERVD LAUREN SHIPLEY
    **Family Member/Roommate Served**
    Document ID - 24-SMCC-6086; Served To - WATSON PLAZA, LLC; Served Date - 07/16/2024; Served Time - 14:39:00; Service Type - SP; Reason Description - SERV; Service Text -SERVD MELISSA HOOVER

**07/22/2024**
    **Corporation Served**
    Document ID - 24-SMCC-6084; Served To - FLOWER VALLEY GROUP, LLC; Served Date - 07/19/2024; Served Time - 15:33:00; Service Type - SP; Reason Description - SERV; Service Text -SERVD GUAN ZHENG YU - R.A.
    **Notice of Service**
    Return of Service 3 of 4.
        **Filed By:** KEVIN SELTZER

**07/18/2024**
    **Notice of Service**
    Return of Service 2 of 4.
        **Filed By:** KEVIN SELTZER

**07/17/2024**
    **Notice of Service**
    Return of Service 1 of 4.
        **Filed By:** KEVIN SELTZER

**07/12/2024**

**Summ Issd- Circ Pers Serv O/S**
Document ID: 24-SMCC-6087, for UM WOOD COMPANY, INC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.
**Summons Issued-Circuit**
Document ID: 24-SMCC-6086, for WATSON PLAZA, LLC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.
**Summons Issued-Circuit**
Document ID: 24-SMCC-6085, for OLLIE'S BARGAIN OUTLET, INC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.
**Summons Issued-Circuit**
Document ID: 24-SMCC-6084, for FLOWER VALLEY GROUP, LLC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.
**Judge Assigned**
DIV 3

07/11/2024
    **Filing Info Sheet eFiling**

      **Filed By:** KEVIN SELTZER
    **Motion Special Process Server**
    Request for Appointment of Process Server.
      **Filed By:** KEVIN SELTZER
      **On Behalf Of:** DIESTELKAMP CONTRACTING, LLC
    **Pet Filed in Circuit Ct**
    Petition; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4.
      **Filed By:** KEVIN SELTZER
      **On Behalf Of:** DIESTELKAMP CONTRACTING, LLC

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

Case 4:26-cv-00175-SDD Doc. #: 1-15 Filed: 02/04/26 Page: 1 of 2 PageID #: 104

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WATSON PLAZA, L.L.C., a Missouri limited liability company,

**DEFENDANTS**
OLLIE'S BARGAIN OUTLET, INC., a Pennsylvania corporation

**(b)** County of Residence of First Listed Plaintiff: St. Louis County MO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dauphin County PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
CAPES, SOKOL, GOODMAN & SARACHAN, P.C
Zachary R. McMichael
8182 Maryland Ave. Fifteenth Floor, Clayton MO

Attorneys *(If Known)*
Lawrence S. Hall
Chartwell Law Offices
500 N. Broadway, Suite 1850, St. Louis, MO 63102

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [x] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332, 1441, and 1446

Brief description of cause:
A dispute regarding the terms of a commercial real estate lease

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** >$100,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: February 4, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

Electronically Filed - ST LOUIS COUNTY - February 04, 2026 - 06:48 PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| WATSON PLAZA, L.L.C., a Missouri limited liability company, <br><br> Plaintiff, <br><br> v. <br> OLLIE'S BARGAIN OUTLET, INC., a Pennsylvania corporation, <br><br> Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:26-cv-00175 <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐ THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____ AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐ THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY PREVIOUSLY FILED COMPLAINT. THE RELATED CASE NUMBER IS _____ AND THAT CASE WAS ASSIGNED TO THE HONORABLE _____. THIS CASE MAY, THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒ NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: February 4, 2026

Signature of Filing Party